

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHARRON BALTHAZAR, et al., ) | |
| ) | |
| Plaintiffs, ) | No. 10 C 4760 |
| ) | |
| vs. ) | Judge Darrah |
| ) | |
| CITY OF CHICAGO, ) | |
| Chicago Police Officers ) | |
| NICK BECKMAN, and ) | |
| JOHN MURPHY, ) | |
| ) | |
| Defendants. ) | |

## FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed. R. Civ. P. ("Rule") 16, and Adele D. Nicholas, Sara A. Garber, and Lawrence V. Jackowiak having appeared as counsel for plaintiff(s) and Erica A. Hokens, Arlene E. Martin and Lindsey M. Vanorny having appeared as counsel for defendant(s), the following actions were taken:

1. This is a § 1983 action for alleged violation of Plaintiffs' constitutional rights and the jurisdiction of the court is invoked under 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction is not disputed.

2. The following stipulations and statements were submitted and are attached to and made a part of this Order:

   (a) a comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which, in jury trials, may be read to the jury by the court or any party); (**Exhibit A**).

   (b) for jury trials a short agreed description of the case to be read to prospective jurors. (**Exhibit B**)

   (c) except for rebuttal exhibits, schedules in the form set out in the attached Schedule (c) of--

       1.      all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence and

       2.      any demonstrative evidence and experiments to be offered during trial; **(Exhibit C)**

(d)    a list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list; **(Exhibit D)**

(e)    stipulations or statements setting forth the qualifications of each expert witness in such form that the statement can be read to the jury at the time the expert witness takes the stand; **(Exhibit E)**

(f)    a list of all depositions, and designated page and line numbers, to be read into evidence and statements of any objections thereto; **(Exhibit F)**

(g)    an itemized statement of damages; **(Exhibit G)**

(h)    for a jury trial, each party shall provide the following:

       (i)      trial briefs except as otherwise ordered by the court; **(Exhibit H)**

       (ii)     one set of marked proposed jury instructions, verdict forms and special interrogatories, if any; and **(Exhibit I)**

       (iii)    a list of the questions the party requests the court to ask prospective jurors in accordance with Fed.R.Civ.P. 47(a); **(Exhibit J)**

(i) a statement that each party has completed discovery, including the depositions of expert witnesses (unless the court has previously ordered otherwise). (**Exhibit K**) Absent good cause shown, no further discovery shall be permitted; and

(j) subject to full compliance with all the procedural requirements of Rule 37(a)(2), a brief summary of intended motions in limine. Any briefs in support of and responses to such motions shall be filed as directed by the Court. (**Exhibit L**)

(k) an agreed statement or statements by each party of the contested issues of fact and law and a statement or statements of contested issues of fact or law not agreed to; (N/A)

(l) waivers of any claims or defenses that have been abandoned by any party; (N/A)

(m) for a non-jury trial, each party shall provide proposed Findings of Fact and Conclusions of Law in duplicate (see guidelines available from the court's minute clerk or secretary); (N/A)

3. Trial of this case is expected to take **3** days. It will be listed on the trial calendar, to be tried when reached.

4. This is a jury trial.

5. The parties recommend that **8** jurors be selected at the commencement of the trial.

6. The parties agree that the issues of liability and damages should not be bifurcated for trial. On motion of any party or on motion of the court, bifurcation may be ordered in either a jury or a non-jury trial.

7. The parties do not unanimously consent to reassignment to a magistrate.

8. This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

9. Possibility of settlement of this case was considered by the parties.

3

_____
United States District Judge

Date: 4-18-12

_____
Attorney for Plaintiff

Adele D. Nicholas
Lawrence V. Jackowiak
Sara A. Garber
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595

_____
Attorney for Defendant

Erica A. Hokens
Lindsey M. Vanorny
Assistant Corporation Counsel
Arlene E. Martin
Chief Assistant Corporation Counsel
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-2568